

**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-490C
(Filed January 6, 2014)
NOT FOR PUBLICATION

**FILED**

JAN 6 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**JAMES HEDMAN CLARK,** \*
\*
           Plaintiff, \*
\*
    v. \*
\*
**THE UNITED STATES,** \*
\*
           Defendant. \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

      Pending before the Court is plaintiff's motion requesting either that defendant produce full copies of the documents included in its motion to dismiss or that those documents be struck from the record. The documents in question are two copyrighted works which plaintiff claims he authored, as well as the copyright registration certificates for these two works ("the documents").

      Plaintiff, acting *pro se*, filed his complaint on July 18, 2013 alleging that sundry United States agencies infringed his copyrighted student behavior modification program "The High School Shutdown Room" ("HSSDR"), Copyright Registration No. TXu 1-743-967. The HSSDR is a seven page document accompanied by twenty-two attachments, totaling 56 pages, designed to assist educators in reducing disruptive and disrespectful behavior. The document describes how to operate a "shutdown room" and contains diagrams, quizzes, and other related materials. Def.'s Mot. to Dismiss at Ex A. The complaint contains six counts alleging that the government violated 28 U.S.C. § 1498(b), the Digital Millennium Copyright Act, and the Fifth Amendment's Takings Clause by wrongfully taking and using plaintiff's HSSDR work. Compl. at 4. Among the allegations is the claim that defendant wrongfully appropriated his HSSDR work, retitling and copyrighting it as "Reparation," by James. H. Clark. *Id.* at 44.

      On September 30, 2013, defendant filed a motion to dismiss containing four bases for dismissal: (1) failure to satisfy Rule 8 of the Rules of the United States Court of Federal Claims ("RCFC"), which requires that a claim for relief be short and plain; (2) frivolity under 28 U.S.C. § 1915(e)(2); (3) lack of subject matter jurisdiction pursuant to RCFC 12(b)(1); and (4) failure to state a claim pursuant to RCFC 12(b)(6). Defendant attached several relevant documents to its motion, including three pages of Plaintiff's HSSDR, three pages of "Reparation" by James H. Clark (Copyright Registration No. TXu 1-330-704), and the certificates of registration for the

two works.[1] Def.'s Mot. at Exs. A, B, F, G. These documents are the subject of the present motion.

Plaintiff filed, on October 25, 2013, a motion "seeking the remainder of related writings and deposit copies of 'Reparation' (TXu 1-330-704)" or, in the alternative, to strike the documents ("Pl.'s Mot."). Plaintiff's motion was inadvertently identified with the case number corresponding to plaintiff's other, related case (case number 11-10C), and was transferred to this docket on November 12, 2013 once the error was identified. Defendant filed an opposition to plaintiff's request for documents on November 25, 2013. Plaintiff's reply in support of the motion was filed on December 27, 2013.

Plaintiff's motion presents two issues: whether defendant properly included the documents in its motion to dismiss and whether defendant must produce complete copies of the documents. When assessing a complaint a courts "'must consider . . . documents incorporated into the complaint by reference.'" *Bristol Bay Area Health Corporation v. United States*, 110 Fed.Cl. 251, 262 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). More expansively, courts may also consider a document "'not incorporated by reference . . . where the complaint relies heavily upon its terms and effect which renders the document integral to the complaint.'" *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2nd Cir. 2006)).

Permitting the filing and consideration of documents that are either incorporated in or of significance to the complaint causes no harm to plaintiff because plaintiff had, or is presumed to have had, notice of the information contained in the documents upon which his complaint is based. Because plaintiff's complaint is that "Reparation" infringed upon his HSSDR copyright, those documents and their copyright registration certificates are incorporated into the complaint. *See* Compl. at 44 (alleging that defendant "knowingly remov[ed] and/or alter[ed] the title of Clark's HSSDR work to "Reparation"). The documents were, therefore, properly submitted by defendant and may be considered by the Court in the context of a motion to dismiss.

Having determined that defendant properly attached the documents to its motion to dismiss, the Court turns to the question of whether the filing of portions of the relevant documents produces an obligation that defendant produce the full documents to plaintiff. In arguing that defendant must produce complete copies of the documents, plaintiff's motion references Federal Rules of Evidence (FRE) 106 and 301 and asks the Court to require defendant to produce the remainder of writings cited in its motion to dismiss. Specifically, plaintiff asks for complete copies of "Reparation," his own HSSDR work, and the remainder of the certificate of registration for "Reparation." Pl.'s Mot. at 3, 14.

Under 28 U.S.C. § 2503(b) and FRE 1101, the Federal Rules of Evidence apply to proceedings before our court. Rule 106, the codification of the common law rule of completeness, allows a party to require the introduction of a complete document when the

---

[1] Defendant also submitted nineteen pages from the "Impacts of Violence Prevention Program for Middle Schools" that plaintiff also alleges violates his copyright. Def.'s Mot. at Ex. C.

opposing party introduces a portion of the document and fairness requires consideration of the whole document. *See* FRE 106.[2]

Rule 106 is designed to prevent any prejudice that might arise when a portion of a document is used out of context in order to create a distorted impression of the evidence. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988). Dean John Henry Wigmore, in one of his treatises on the rules of evidence, explained the rule of completeness as follows: "The opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." 1 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 2859 (1st ed. 1904). Excerpting "there is no God" from the biblical phrase "[t]he fool hath said in his heart, there is no God," is a classic illustration of the rule. *Id.* at § 2094, p. 2824.

Plaintiff's argument that the entire document must be included or struck under Rule 106 is based on a misunderstanding of the rule, which has no application in this context. First, plaintiff is free to include the remainder of the documents in his response to the motion to dismiss. Plaintiff knows how to request these documents and defendant, in a show of good faith, gave plaintiff "legible and enlarged copies (color) of Exhibits B, F + G" and also attached to its opposition motion the necessary form for requesting the documents. *See* Pl.'s Mot. at 4-5; Def.'s Opp'n Mot. at 8-9. Plaintiff seems to assume that FRE 106 is a rule of discovery, which it is not. FRE 106 is a rule of admissibility that allows plaintiff to submit the rest of the documents if he chooses.

Second, there is no indication that the excerpts used by defendant are in any way misleading. The samples appear to contain the title page and first two pages of each document; nothing about them suggests that they were excerpted or taken out of context in a way that would alter the Court's ability to understand their basic contents, similarities, or dissimilarities. Further, the Court finds the documents bear the requisite indicia of reliability, whether because they are signed and sealed where necessary or because of their original formatting.

Plaintiff's motion for document production or, in the alternative, striking documents from the record is **DENIED.** If Plaintiff still desires complete copies of his copyrighted work and "Reparation," plaintiff may use the Litigation Statement Form provided by defendant in its opposition motion in order to request documents from the United States Copyright Office. Understanding that obtaining these documents, if the plaintiff chooses to do so, may take some time, the Court will allow plaintiff to file his response to defendant's motion to dismiss on or by **Friday, February 28, 2014.**

---

[2] Rule 301 shifts the burden in civil cases from plaintiff to defendant in instances when the rules create a presumption. Rule 301 is not at issue because there are no presumptions in this case.

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Judge